Electronically Filed by Superior Court of California, County of Orange, 09/09/2020 11:58:45 AM.
30-2020-01159629-CU-JR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk.

1 | SONIA R. CARVALHO (SBN 162700)
CITY ATTORNEY
2 | JOHN M. FUNK (204605)
ACTING SR. ASSISTANT CITY ATTORNEY
3 | RYAN O. HODGE (SBN 234047)
ASSISTANT CITY ATTORNEY
4 | KYLE C. NELLESEN (SBN 297572)
ASSISTANT CITY ATTORNEY
5 | CITY OF SANTA ANA
20 CIVIC CENTER PLAZA M-29
6 | P.O. BOX 1988
SANTA ANA, CALIFORNIA  92702
7 | TELEPHONE:  (714) 647-5201
FACSIMILE:   (714) 647-6515
8 | EMAIL:  jfunk@santa-ana.org
EMAIL:  rhodge@santa-ana.org
9 | EMAIL:  knellesen@santa-ana.org

*Exempt from filing fees per
Government Code section 6103*

10 | Attorneys for Plaintiff and Real Party in Interest
PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SANTA ANA
11 |

12 | SUPERIOR COURT OF CALIFORNIA

13 | COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

14 | **Assigned for All Purposes**
**Judge Sheila Fell**

15 | CITY OF SANTA ANA, a charter city and
municipal corporation, and PEOPLE OF THE
16 | STATE OF CALIFORNIA, by the City Attorney
for the City of Santa Ana,
17 |
18 | Plaintiffs,
19 | v.
20 | UNION PACIFIC RAILROAD, and DOES 1
through 25 inclusive,
21 |
22 | Defendants.
23 |

Case No.:  30-2020-01159629-CU-JR-CJC

**COMPLAINT FOR:**

**1. Public Nuisance (California *Code of Civil Procedure* § 731; California *Civil Code* §§ 3479, 3480); and**

**2. Public Nuisance *Per Se***

24 |     This action is brought by the PEOPLE OF THE STATE OF CALIFORNIA, by and

25 | through Sonia R. Carvalho, City Attorney for the City of Santa Ana, and the CITY OF SANTA

26 | ANA, a charter city and municipal corporation organized and existing under the Constitution and

27 | laws of the State of California, as Real Party in Interest, (collectively, "City" or "Plaintiff"),

28 | against the UNION PACIFIC RAILROAD ("Union Pacific" or "Defendant") and DOES 1-25,

1

Exhibit A - 3

1 | inclusive.

2 | **INTRODUCTION**

3 |     1.      Railroad tracks crisscross several parts of the City of Santa Ana, a city 27 square

4 | miles in size. These tracks border both commercial and residential areas, often within several

5 | feet of business and homes. The tracks border City property as well in places.

6 |     2.      Defendant Union Pacific Railroad owns and/or operates several miles of these

7 | railroad tracks in the City, including the underlying and immediately adjacent real property, or

8 | roadbed, on both sides of the tracks (collectively, "Railroad Right-of-Way" or "Railroad ROW").

9 |     3.      Given the high volume of Railroad ROW in the City, and its close proximity to

10 | City residents and businesses, the City, as a guardian of public health and safety, has a strong and

11 | legitimate interest to ensure that the Railroad ROW is operated and maintained in an orderly

12 | manner.

13 |     4.      As legal owner of the Railroad ROW, Union Pacific has a duty to maintain the

14 | Railroad ROW in a manner that is clean, safe, and secure, whether the respective Railroad ROW

15 | is active or inactive.

16 |     5.      In recent months, the volume of litter, debris, and refuse along the Railroad ROW

17 | has skyrocketed. Homeless encampments have mushroomed. Nearby residents and business

18 | owners complain to the City on a regular basis.

19 |     6.      Despite the City's repeated requests of Union Pacific to abate these conditions on

20 | its property, Union Pacific rarely, if at all, intervenes, and certainly in no sustained manner.

21 |     7.      To protect the public health and safety, the City has been forced to mount clean-

22 | up efforts at its own expense. By this Complaint, the City seeks an order directing Union Pacific

23 | to discharge its duty to maintain the Railroad ROW on an ongoing basis and in a clean, safe,

24 | secure, and sustained manner, including without limitation reimbursement to the City for its past

25 | efforts to do so. The inaction of Union Pacific shows that such a result is not likely to be

26 | voluntarily achieved.

27 | ///

28 | ///

2

**THE PARTIES**

8.      Plaintiff City of Santa Ana is and at all relevant times has been a charter city and municipal corporation organized and existing under the Constitution and laws of the State of California.  The City is authorized, pursuant to California *Code of Civil Procedure* section 731, to prosecute this action in the name of and on behalf of the People of the State of California.

9.      Defendant Union Pacific Railroad is and at all relevant times has been a corporation incorporated in the State of Delaware with its principal place of business in Nebraska.

10.      The true names and capacities of Defendants sued herein as DOES 1 through 25 are unknown to Plaintiff, who therefore sue such Defendants by such fictitious name, and will amend this Complaint to show their true names and capacities at such times as they are ascertained.  Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings alleged in this Complaint.

11.      Whenever in this Complaint reference is made to any act of Defendant, such allegation shall be deemed to mean Defendant's officers, agents, manager, representative, employees, and/or DOES 1 through 25, who authorized such acts while actively engaged in the operation, management, direction or control of the affairs of Defendant, at the Defendant's direction, and/or while acting within the course and scope of their duties.

**JURISDICTION AND VENUE**

12.      Plaintiff brings this action under California *Civil Code* sections 3479, 3480, and 3494, California *Code of Civil Procedure* sections 526, 731, and Section 370 of the California *Penal Code*.  Plaintiff seeks to enjoin Defendant from engaging in the conduct alleged in this Complaint and to recover fees, costs and penalties as permitted by law relating to this enforcement action.

13.      Venue is proper in this judicial district because the Railroad ROW and the nuisance conduct at issue are located in this judicial district.

///

3

**FACTUAL ALLEGATIONS**

**THE PARTIES' RESOURCES AND CAPACITIES**

14.    The City of Santa Ana has a population of approximately 340,000 and covers 27 square miles.  It is ethnically diverse and boasts an ethnic make-up as follows: 78% Hispanic, 10% Asian, 9% White, and other ethnicities in smaller percentages.  The average median income in Santa Ana is approximately $54,500, as compared to the median income in Orange County of $75,400.  Santa Ana has the highest Hispanic population in the County and is one of the lowest income cities in the County.

15.    Among cities of over 300,000 residents, Santa Ana is the fourth most densely populated city in the nation, with over 12,471 people per square mile.

16.    As one of the nation's largest railroads, Union Pacific is an economic giant and financially robust.  Union Pacific is a "Class 1" Railroad that is part of the national freight rail industry fueled by billions of dollars in annual private investment. In 2017, according to the Association of American Railroads, Class 1 Railroads' operations and capital investments supported over 1.1 million jobs, $219.5 billion in economic output, and $71.3 billion in wages, while creating nearly $26 billion in total tax revenues.

17.    Union Pacific's own financial and operational resources are enormous.  For the full year of 2018, Union Pacific reported a net income of $6 billion.  Nationally, it operates 32,200 miles of track, with approximately 3,303 miles of track in California alone.

18.    Under the Obama administration, the nation's freight rail network, including Union Pacific, received more than $600 billion in federal subsidies to maintain their infrastructures.

**CONDITIONS ALONG THE RAILROAD ROW**

19.    The Railroad ROW has nevertheless become a virtual trash dump.  Litter and debris, both small- and large-scale, from clothing to appliances, clutter the Railroad ROW in multiple areas in the City, transforming them into eyesores and interfering with the use of neighboring land owned by the adjoining residents and businesses.

20.    Photographs attached as Exhibit A of the Railroad ROW at various locations

4

Exhibit A - 6

1   graphically depict the extreme, unsanitary conditions along the ROW in the last few months

2   alone.

3       21.    These conditions have been exacerbated by the continuing crisis in homelessness

4   faced by Orange County.  For its part, and among other efforts, the City of Santa Ana operates a

5   200-bed low barrier homeless shelter, where individuals experiencing homelessness in the City

6   are referred for access to a wide variety of resources.

7       22.    The Railroad ROW conditions persist because there is no sustained maintenance

8   efforts by Union Pacific and no controlled access or security on most if not all of the Railroad

9   ROW, thereby allowing the at-will ingress and egress of both property and individuals.  Even

10  simple measures like gates or regular security patrols would mitigate the circumstances.

11      23.    The dangerous and unsanitary conditions along the Railroad ROW constitute a

12  serious threat to the public health and safety for all those individuals encountering them,

13  including homeless persons themselves.  There is continuing potential for outbreak of grave

14  disease and disaster.

15      24.    Such consequences have in fact already materialized.  In one of the numerous

16  incidents, on or about March 28, 2019, fire broke out at one spot along the Railroad ROW,

17  posing an immediate threat to persons, property, and businesses.  Emergency authorities

18  responded and controlled the situation with no loss of life, though it raised the specter of a more

19  deadly catastrophe.

20  **ADVERSE IMPACTS ON SANTA ANA**

21      25.    Union Pacific, like all private property owners, has a duty to maintain its property

22  in a safe and orderly manner.  However, it appears either unwilling or unable to do so.

23      26.    The City has repeatedly notified Union Pacific about the disorderly and unsafe

24  conditions along the Railroad ROW and implored it to address the conditions.  Union Pacific

25  rarely responds by coming to the affected areas and cleaning them, instead providing only verbal

26  assurance that they will do so by some indefinite date.  Residents who complain directly to

27  Union Pacific meet with the same result.

28      27.    As one example of Union Pacific's inadequate efforts, in late 2019, Union Pacific

5

Exhibit A - 7

1  represented it would spend thirty days on the Railroad ROW for clean-up efforts but in the end
2  fell short of this by several days without any further or sustained commitment, leaving the
3  Railroad ROW in no better condition.

4      28.    As a direct result of Union Pacific's failure to maintain the Railroad ROW, and to
5  combat the continuing threat to public health and safety, the City has been compelled to take
6  action itself.  While the City has been reluctant because the Railroad ROW is private property,
7  the threat is overwhelming and simply cannot go unaddressed lest additional public health and
8  safety disasters occur.

9      29.    The City has had to obtain several inspection and abatement warrants at
10  considerable costs.  Since May 2019, the City has obtained 7 inspection and abatement warrants
11  from the Orange County Superior Court.  These efforts have consumed extensive efforts and
12  resources from multiple agencies at the City and have cost the City $118,462 to date.   In
13  accordance with the City's municipal code, including the adoption of the requisite resolutions,
14  Santa Ana has billed Union Pacific for recovery of these costs but has received nothing to date,
15  even though Union Pacific has acknowledged the amounts, once appearing before the City
16  Council to address them.

17      30.    The impact to the City of Union Pacific's failure to address the Railroad ROW has
18  been staggering.  The City continues to provide maintenance services on the Railroad ROW that
19  Union Pacific itself should be providing.  These services have siphoned away both time and
20  money from the day-to-day services required for City residents.  Since June 2020, the City has
21  issued Union Pacific nearly $14,000 in administrative citation fines regarding maintenance
22  concerns on the Railroad ROW, but not even this has resulted in any improvement.

23      31.    This situation has become untenable and will remain so without any contribution
24  of effort from Union Pacific.  The situation was well-documented in the article entitled "OC
25  Cities Struggle with Resources to Clean Up Railroad Homeless Camps," as appearing in the
26  *Voice of OC* on April 16, 2019, and available at https://voiceofoc.org/2019/04/oc-cities-struggle-
27  with-resources-to-clean-up-railroad-homeless-camps/.

28      32.    Even if homeless-related issues have contributed to the problem, the City cannot

6

Exhibit A - 8

1   maintain private property, especially when there has been little or no effort by Union Pacific to

2   secure or maintain the Railroad ROW, when it has a legal duty, not to mention abundant

3   resources, to do this.

### THE WAY FORWARD

4

5       33.     By this litigation, the City seeks to compel Union Pacific to perform ordinary

6   maintenance and upkeep of the Railroad ROW, just as any other private property owner would,

7   and to compensate the City for the efforts it has expended to date in performing such

8   maintenance itself.

9       34.     The conditions along the Railroad ROW have become injurious to the public

10  health and safety, with no foreseeable end in sight due to the inaction of Union Pacific.  It is no

11  understatement that they have affected the entire City of Santa Ana.

12      35.     Even though the City has been forced to clean and maintain the Railroad ROW at

13  times, this is not a viable path going forward because the Railroad ROW is private property and

14  not owned by the City.  Union Pacific has even admonished the City against trespassing on the

15  Railroad ROW but on the other hand seems content for the City to be doing its job, at the City's

16  own expense.  Santa Ana Police Officers have had to provide security on several occasions for

17  these efforts, when Union Pacific maintains a police force of its own.

18      36.     Despite being repeatedly and openly castigated by the federal court handling

19  litigation over issues related to homelessness, Union Pacific appears impervious to the situation.

20  Accordingly, judicial intervention has now become necessary.

### FIRST CAUSE OF ACTION

21

22                          **Public Nuisance**

23  **(California *Code of Civil Procedure* §731; California *Civil Code* §§ 3479, 3480)**

24      37.     Plaintiff City of Santa Ana incorporates by reference and realleges Paragraphs 1

25  through 36 as if fully set forth herein.

26      38.     California *Civil Code* section 3479 defines a public nuisance as "[a]nything

27  which is injurious to health, including, but not limited to, the illegal sale of controlled

28  substances, or is indecent or offensive to the senses, or an obstruction to the free use of property,

7

---

1   so as to interfere with the comfortable enjoyment of life or property..." (See *City of Bakersfield*

2   *v. Miller* (1966) 64 Cal.2d 93, 99 ["The Legislature has defined in general terms the word

3   'nuisance' in *Civil Code* section 3479 ...."].)

4       39.    California *Civil Code* section 3480 defines a public nuisance as "one which

5   affects at the same time an entire community or neighborhood, or any considerable number of

6   persons, although the extent of the annoyance or damage inflicted upon individuals may be

7   unequal."

8       40.    California *Civil Code* section 3491 provides for the methods by which public

9   nuisances such as those alleged herein may be abated. *Civil Code* section 3491 states that the

10  "remedies against a public nuisance are indictment or information, a civil action or abatement."

11  Abatement is "accomplished by a court of equity by means of an injunction proper and suitable

12  to the facts of each case." (*Sullivan v. Royer* (1887) 72 Cal. 248, 249.)

13      41.    The City brings this action pursuant to California *Code of Civil Procedure* section

14  731, which authorizes a city attorney to bring an action to enjoin or abate a public nuisance.

15      42.    Union Pacific is strictly liable for nuisance conditions on its property.  "[S]trict

16  liability for nuisance historically attends the possession and control of land." (*Leslie Salt Co. v.*

17  *San Francisco Bay Conservation and Development Commission* (1984) 153 Cal.App.3d 605,

18  618 n. 15 & 619). "It is immaterial whether the acts" of the persons sought to be held liable for a

19  nuisance "be considered willful or negligent; the essential fact is that, whatever be the cause, the

20  result is a nuisance." (*Snow v. Marian Realty Company* (1931) 212 Cal. 622, 625-26; see also

21  *Sturges v. Charles L. Harney, Inc.* (1958) 165 Cal.App.2d 306, 318 ["a nuisance and liability

22  therefore may exist without negligence"]; *People v. McCadden* (1920) 48 Cal.App. 790, 792 ["A

23  judgment supported on findings that such nuisance was conducted and maintained on the

24  premises in question, regardless of the knowledge of the owner thereof, is sufficient. Such

25  knowledge on the part of the owner… is unnecessary."].) This strict standard applies because

26  "the object of the act is not to punish; its purpose is to effect a reformation of the property itself."

27  (*People v. Bayside Land Co.* (1920) 48 Cal.App. 257, 261.)

28      43.    Union Pacific has caused and maintained a continuing public nuisance on the

1    Railroad ROW since at least 2019 or before.  At the time of trial, City will move the Court to

2    amend this Complaint to include any conditions discovered or occurring after the filing of this

3    Complaint.  Such condition renders the Railroad ROW a public nuisance because of the

4    tremendous amounts of trash, rubbish, debris, brush, and dead vegetation constituting a

5    continuing significant fire hazard.  Further, the Railroad ROW is a nuisance due to Union

6    Pacific's complete failure to manage or patrol its property, resulting in continuous unauthorized

7    access to the property and the occupation of said property by individuals experiencing

8    homelessness and other persons.  The combination of these factors has created a public health

9    and safety crisis on the Railroad ROW, endangering the community at large, as well as those

10   who occupy the ROW.

11         44.     Union Pacific's maintenance of the Railroad ROW in this substandard condition

12   is a continuing public nuisance as defined in *Civil Code* sections 3479 and 3480.  The continuing

13   nuisance conditions at the ROW adversely affect the adjoining neighborhoods and the entire

14   community.  The Railroad ROW's current condition is injurious to health, offensive to the

15   senses, and obstructs the free of neighboring public and private properties by interfering with the

16   comfortable enjoyment of life or property.  Such conditions are objectionable to the

17   neighborhoods and community as a whole.

18         45.     Union Pacific has been repeatedly notified in writing that the conditions on the

19   Railroad ROW violate Santa Ana Municipal Code ("SAMC") sections 16-48, et seq.  Despite

20   such notices, Union Pacific has not taken sufficient action to correct the violations.  Further,

21   Union Pacific has not indicated to Plaintiff any intention to permanently take responsibility for

22   their properties in a manner that would alleviate the nuisance conditions thereon.  Unless Union

23   Pacific is restrained by order of this Court, it will continue to maintain the Railroad ROW in the

24   above-described nuisance condition, thereby causing irreparable injury and harm to the public's

25   health, safety, and welfare.

26         46.     Plaintiff City has no adequate remedy at law and injunctive relief is expressly

27   authorized by California *Code of Civil Procedure* sections 526 and 731.

28         47.     As discussed above, Plaintiff has already incurred substantial costs to abate the

9

---

Complaint for 1. Public Nuisance (California Code of Civil Procedure §731; California Civil Code §§3479, 3480); and
2. Public Nuisance *Per Se*

Exhibit A - 11

1   nuisances caused by Union Pacific's refusal to maintain its properties.  Should it become

2   necessary for Plaintiff to take additional actions to correct the violations and abate the nuisance

3   on the Railroad ROW, Plaintiff will incur substantial additional expenses.  Plaintiff requests

4   reimbursement for all costs already expended and seeks further reimbursement for all future

5   costs incurred to correct these violations and abate the public nuisance.

6                               **SECOND CAUSE OF ACTION**

7                                 **Public Nuisance *Per Se***

8               (***Civ. Code* §§ 3479, 3480, 3491, 3494; *Code Civ. Proc.* §§ 526, 731**)

9                             **(SAMC §§ 1-8, 1-12, 1-13)**

10          48.     Plaintiff City alleges and incorporates as though fully set forth herein Paragraphs

11   1 through 47, above.

12          49.     Pursuant to Article XI, section 7 of the Constitution of the State of California,

13   "[a] county or city may make and enforce within its limits all local, police, sanitary, and other

14   ordinances and regulations not in conflict with general laws."

15          50.     California *Government Code* section 38771 authorizes the Santa Ana City

16   Council, by ordinance, to declare what constitutes a nuisance.

17          51.     Section 200 of the Santa Ana City Charter states that the City shall have the

18   authority to "make and enforce all laws and regulations in respect to municipal affairs…"

19   Accordingly, the City has the authority to make and enforce laws that bar the existence of

20   garbage, rubbish, weeds, trash and debris from private property.

21          52.     Section 16-48 of the SAMC holds that any person who owns, manages, or

22   controls private property may not allow the growth of "noxious" weeds, vines, or brush upon the

23   property, nor may they cause or permit garbage or rubbish to be placed or exist upon the

24   property.  The City adopted this ordinance to promote the public safety and general welfare for

25   the City and its residents.

26          53.     SAMC section 1-13(a) provides that any violation of the City's Municipal Code

27   is deemed a public nuisance, which may be abated by civil action.

28          54.     As discussed in depth above, at all times herein mentioned, Defendants have

1  maintained the Railroad ROW within the City in violation of the SAMC, specifically sections

2  16-48, *et seq.*

3     55.    The continued nuisance conditions upon the Railroad ROW are a public nuisance

4  subject to abatement by civil action under applicable law including, but not limited to, *Civil*

5  *Code* sections 3479, 3480, 3491 and 3494.

6     56.    The City has no plain, speedy, or adequate remedy at law, and injunctive relief is

7  necessary and authorized in *Code of Civil Procedure* sections 526 and 731.

8     57.    The Court is expressly authorized under *Code of Civil Procedure* section 731 to

9  fashion injunctive relief to abate the public nuisances that exist on the Property.

10    58.    Unless preliminarily and permanently enjoined by this Court, Defendant will

11  continue to maintain the public nuisance and prevent the City from effectively enforcing its

12  laws.

13                        **PRAYER FOR RELIEF**

14    **WHEREFORE**, Plaintiff City of Santa Ana prays for the following:

15     1.    That the Railroad ROW be declared a public nuisance and be permanently abated

16  as such in accordance with California *Civil Code* sections 3479 and 3480.

17     2.    That the Court find that Union Pacific and its agents, heirs, successors, officers,

18  employees and anyone acting on its behalf have owned, operated, maintained, and managed the

19  Railroad ROW in a manner that is a public nuisance.

20     3.    That the Court grant a preliminary injunction, temporary restraining order,

21  permanent injunction, order of abatement, and judgment in accordance with *Civil Code* section

22  3491, enjoining and restraining anyone and those acting on their behalf from owning, operating,

23  maintaining, and managing the Railroad ROW as a public nuisance, and to bring the Railroad

24  ROW into compliance with all Federal, State, and local regulations.

25     4.    That Union Pacific and its agents, heirs, successors, officers, employees and

26  anyone acting on its behalf be held jointly and severally liable for all damages, penalties and

27  other relief awarded in favor of Plaintiff and against Defendants.

28     5.    Monetary damages pursuant to proof at trial to cover the City's costs to address

1    the dangerous and nuisance conditions that were allowed to remain on the Railroad ROW by

2    Union Pacific.

3          6.        That Union Pacific be restrained and enjoined from transferring ownership of the

4    Railroad ROW and associated properties unless there is compliance with all applicable orders of

5    this Court and requests by the City, and the Court and City have approved of such.

6          7.        That the Court grant City such other and further relief as the Court deems just and

7    proper.

8

9                                          CITY OF SANTA ANA
                                           Sonia R. Carvalho, City Attorney

10

11   Dated: September 9, 2020          By: *John M. Funk*

12                                          John M. Funk
                                            Acting Sr. Assistant City Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           12

# EXHIBIT A









07/16/2020







